UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JURY DEMAND

POSR A. POSR

. against .   **CV 15 -**   **0584**



CITY OF NEW YORK, JUDGE DONNA M.
GOLIA, POLICE INSPECTOR PASCALE,
CON ED REVENUE SPECIALIST ANTHONY
POLLINA

**BLOOM, M.J.**

## PARTIES

**Posr A. Posr** is, at all times, the plaintiff who, as the agent of land

owner Kris Gounden, was given the perpetual authority to guard Gounden's

property against trespass since long before 2013 Aug 08, the date of arrest

and prosecution in Index No. 2013QNO43991          in this complaint.

## DEFENDANTS

**Inspector Pascale**, is, at all times, a police officer of the rank of

Inspector who was in command of the 106th precinct in Queens, New York

on 2013 Aug 08 and who ordered an inferior officer to arrest plaintiff for

guarding Gounden's property against vehicular trespass by sitting on

Gounden's van as Gounden's van was parked on Gounden's private,

unmapped and un-eased upon property, namely, lot 162.

PASCALE, 106 PRECINCT, 103-53 101ST, OZONE PARK, N.Y. 11417

*City of New York, Corporation Counsel, 100 Church St., N.Y., N.Y. 10007*

**The City of New York** is, at all times, the defendant that maintains a

policy that Highway Law § 189 is applicable to acquiring private property

within and by the City of New York in spite of L.1962, ch. 998, Charter 5, §

202 of the New York City Charter  -  *Hargett v Town of Ticonderoga, 35 Ad3d*

*1122 [2006], Matter of County of Cortland,* 72 Ad3d 1436, 1438  -  *Di Biasi v*

*City of New York,* 19 Ad2d 323, Canal Law § 40, and EDPL §§ 208, 705.

**Judge Donna M. Golia** is at all time, the Judge of the Criminal Court of

the City of New York, Queens County, who, despite and being advised of

Criminal Procedure Law §§ 170.25[1] and [3] on 2013 Aug 14,, refused to

Order a date by which plaintiff's § 170 motion would be filed in the State

Supreme Court, and without competence, Ordered plaintiff to return to the

criminal court room to proceed to trial.   *Golia, Queens Criminal Court 125-01 Queens Blvd. Kew Gardens, N.Y. 11415*

Despite the case having been removed to federal court pursuant to

Federal Rules of Civil Procedure 1446[D], Judge Golia, without competence,

Ordered plaintiff to return to the criminal court room to proceed to trial on

2013 Oct 17.

**Con Ed Revenue Specialist Anthony Pollina** is at all times the Con

Edison Worker who claimed that he was prevented from proceeding to an

electrical emergency by plaintiff preventing defendant Pollina from

trespassing Gounden's land. *Pollina, 106th Precinct, 103-53 101st, Qzone Park, N.Y. 11417*

## JURISDICTION

[1]     Pursuant to 42 U.S.C. § 1983, any person who under color of any

statute...subjects, or causes to be subjected, any citizen...to the deprivation of

any rights, privileges, or immunities secured by the Constitution and laws,

shall be liable to the party injured in an action at law, suit in equity, or other

proper proceeding for redress, except that in any action brought against a

judicial officer for an act or omission taken in such officer's judicial capacity,

injunctive relief shall not be granted unless a declaratory decree was violated

or declaratory relief was unavailable.

[2]     As the Pascale-ordered arrest on charges of Penal Laws §§ [a] 135.05

[unlawful imprisonment], [b] 195.05 [Obstruction of Governmental

Administration], and [c] 240.20-5 [Obstructing vehicular or pedestrian traffic]

took place in the vicinity of lot 162 at 1 Bayview Avenue, Queens, New York,

and as this area is located in the confines of the Eastern District of New York,

venue is proper against defendant Pascale.

[3]     As Queens Criminal Court Judge defendant Golia was not competent to

set a date for plaintiff to return and defendant Golia was only competent to

set a date for plaintiff to file a motion in Supreme Court at plaintiff's oral in-the-well insistence pursuant to CPL §§ 170.25[1], [2] and [3], and in that defendant Golia falsely assumed competence to deny plaintiff his entitlement to a date by which to file a motion to prosecute by grand jury indictment pursuant to § 170.25[1], [2] and [3], venue is proper.

[4]    As defendant Golia was utterly incompetent after plaintiff filed, on 2013 Sep 09, a removal to the USDC EDNY pursuant to Federal Rules of Civil Procedure 1446[d], defendant Golia became incompetent to dismiss the case against plaintiff and was incompetent to even set a date for plaintiff to file a CPL § 170.25 motion to be prosecuted by indictment, venue is proper.

[5]    As Con Ed Revenue Specialist Anthony Pollina trespassed land owner Gounden's property in the borough of Queens, which is in the confines of the Eastern District of New York, venue and supplemental jurisdiction over defendant Pollina is proper.

### TIMELINE

[6]    In the year 2006 Kris Gounden bought, among other lots, lot 162 located at 1 Bayview Avenue, Queens, New York.

[7]    There was no public easement on the City's official acquisitions map on lot 162 when Kris Gounden bought it.

[8]    There was no public street on the City's official acquisitions map on lot 162 when Kris Gounden bought it.

[9]    Between 2006 and the present, Gounden has had numerous contact with police regarding the private nature of the entire lot 162.

[10]   The purpose of each and every government contact was to intimidate plaintiff into permitting trespass to his property.

[11]   The City of New York, as a result of attempting to apply Highway Law § 189 within the confines of the City of New York, filed suit against Gounden, Supreme Court State of New York, Queens, County, Index No. 3005/2012, for the relief of an Order directing Gounden to remove his fence claiming a street or easement existed on lot 162 at 1 Bayview Avenue, Queens, New York.

[12]   At the time the City filed its suit, Index No. 3005/2012, the City was aware that " No street, avenue highway or public place, the layout of which has not been approved as provided in this section, shall be deemed to have been accepted by the city of New York as a street, avenue highway or public place shall lie within the lines of a street, avenue highway or public place shown upon the duly adopted and filed final maps of the city of New York. " as set out by L.1962, ch. 998, New York City Charter § 202.

[13]   At the time the City filed its suit, Index No. 3005/2012, the City was aware that the Appellate Division opined that:

" " While provisions in other statutes [i.e. Hwy Law § 189] germane to condemnation that are not inconsistent with the EDPL may remain relevant (see generally Matter of Hargett v Town of Ticonderoga, 35 AD3d at 1124), provisions that are inconsistent with the EDPL must give way to that statute. " [quoting Matter of County of Cortland 72 Ad3d 1436, 1438 [3rd Dept. 2010]

[14]   At the time the City filed its suit, Index No. 3005/2012, the City was aware that lot 162 was in a canal system.

[15]   At the time the City filed its suit, Index No. 3005/2012, the City was aware that Canal Law § 40 [1] read:

" The acquisition of property necessary for purposes of the improvement, use, maintenance, control, management or repair of the canal system, shall be pursuant to the provisions of the eminent domain procedure law by the corporation or by the commissioner of transportation at the request of the corporation. "

[16]   At the time the City filed its suit, Index No. 3005/2012, the City was aware that EDPL § 208 read:

" Except as expressly set forth in section two hundred seven, and except for review by the court of appeals of an order or judgment of the appellate division of the supreme court as provided for therein, no court of this state shall have jurisdiction to hear and determine any matter, case or controversy concerning any matter which was or could have been determined in a proceeding under this article. "

[17]   At the time the City filed its suit, Index No. 3005/2012, the City was aware that EDPL § 705 read:

" Notwithstanding any inconsistent provision of law, general or special, the provisions of this law shall be controlling and on and after the effective date of this law, any interest in real property subject to acquisition shall be acquired pursuant to the provisions of this law. "

[18]   On 2013 Jan 30 the City of New York became aware that the Supreme Court of the State of New York, Queens County, in Index No. 3005/20012 decided that Highway Law § 189 was inapplicable within the confines of the City of New York.

[19]   On 2013 May 29 the Environmental Control Board affirmed an Administrative Law Judge's decision, violation number 350 056 54J, Queens County that there is no street on lot 162.

[20]   The Environmental Control Board's affirmed decision, on 2013 May 29, that there is no street, on lot 162, was a final Top City agency decision.

[21]   In the year 2010 Gounden fenced off Gounden's lot with a boulder and the Fire Department of the City of New York ordered the boulder removed on the ground that a boulder on private property constituted a fire hazard by preventing fire trucks from accessing Gounden's eastern neighbors' private lots.

[22]   Not sixty yards from Gounden's northern boundary of lot 162 there are a row of at least ten houses with fences that prevent fire trucks from accessing Gounden's northern neighbors' private lots.

[23]   The Fire Department of the City of New York has not moved Gounden's northern neighbors' fences to provide fire trucks with access to Gounden's northern neighbors' private lots.

[24]   There is, on the City's official acquisitions map, a mapped public walkway to the east of Gounden's property by which fire hoses and emergency personnel are fire plan approved access to Gounden's eastern neighbors' houses and there is a fire hydrant at the end of the peninsula to which fire hoses can be attached.

[25]   There is, on the City's official acquisitions map, a mapped public walkway to the east of Christopher Jone's and Frank Paradise's properties by which fire hoses and emergency personnel are fire plan approved to access to Gounden's eastern neighbors' houses and there is a fire hydrant at the end of the peninsula to which fire hoses can be attached.

[26]   Since the Fire Department's condemnation of a boulder on Gounden's property in 2012 or 2013 neither the Fire Department nor the City of New York has instituted Eminent Domain Procedure Law proceedings to map a public easement or public street on lot 162 on the basis that a boulder on Gounden's private property constitutes a fire hazard because fire trucks can not access Gounden's eastern neighbors' private lots.

[27]   The Fire Department of the City of New York is selectively applying " Fire Hazard " law to Gounden's boulder but not to Gounden's northern neighbors' fences.

[28]   Defendant Pascale ordered Gounden arrested and plaintiff almost immediately sat on Gounden's van.

[29]   Before plaintiff was arrested, plaintiff explained to defendant Pascale that plaintiff was Gounden's agent authorized to protect Gounden's land against trespass.

[30]   When plaintiff was arrested on 2014 Aug 08 on the basis that

Gounden's lot 162 contained a public street or easement, the City was well

aware that no public street, avenue, alley way or easement legally existed on

lot 162.

[31]   By 2014 Aug 08, through it's agent defendant Pascale, the City effected

plaintiff's arrest on the City's policy that §189 of the Highway Law is

applicable within the confines of the City of New York.

## FIRST CAUSE OF ACTION

[32]   As and for a first cause of action plaintiff reiterates each and every

paragraph from 1 to 31 in full and completely and sues the City of New York

for a permanent injunction against arresting plaintiff based on any part of lot

162 or 161 being public based on an acquisition of lot 161 or 162 pursuant

to the application of Highway Law § 189 within the confines of the City of

New York.

## SECOND CAUSE OF ACTION

[33]   As and for a second cause of action plaintiff reiterates each and every

paragraph from 1 to 32 in full and completely and sues the City of New York

for a permanent injunction enjoining the City of New York from arresting

plaintiff on the basis that plaintiff preventing trespass to lot 162 constitutes a

fire hazard simply and only because fire trucks or emergency vehicles, in the future, can not access Gounden's eastern neighbors' lots through lots 162 or 161.

## THIRD CAUSE OF ACTION

[34]  As and for a third cause of action plaintiff reiterates each and every paragraph from 1 to 33 in full and completely and sues the City of New York for a a declaratory judgment that the Supreme Court of the State of New York, Queens County, the appellate division of Supreme Court of the State of New York and the New York State Court of Appeals did not have the competence to hear or determine whether or not the taking was valid or invalid because, through § 705, § 208 of the EDPL controls, dictates and withholds competence from every state court to determine the validity of a taking when the condemnor does not comply with the EDPL.

## TIMELINE RESUMED

[35]  Before arresting plaintiff Gounden explained to defendant Pascale that Gounden had told Con Edison workers the day before that lot 162 was Gounden's private property and that they had trespassed Gounden's private property without a warrant to have done so.

[36]   Before arresting plaintiff Gounden explained to defendant Pascale that the Con Edison workers trespassed Gounden's private property to reach the area where they were.

[37]   Before arresting plaintiff Gounden explained to defendant Pascale that the area in question was not mapped as either a street or an easement.

[38]   Before arresting plaintiff, plaintiff asked defendant Pascale was there an emergency and what emergency there was if there were one.

[39]   Before arresting plaintiff, defendant Pascale responded: " We're not going to get into that."

[40]   Before arresting plaintiff, defendant Pascale responded: " We're not going to get into that."

[41]   Defendant Pascale responded: " We're not going to get into that." because defendant Pascale's attempt to obtain a warrant was denied because the land in question was totally private property with no street and no easement.

[42]   Defendant Pascale responded: " We're not going to get into that." because the type of electrical emergency defendant Pascale described to the Court did not rise to the level of imminent danger, escape, destruction of

evidence or national or state security that would justify permitting trespass to private property to enforce a public road on private property.

[43]   Through defendant Pascale's order to arrest, the accusatory instrument, did not denote the name of the public street that plaintiff prevented trespass upon.

[44]   Through defendant Pascale's order to arrest, the accusatory instrument, did not denote a public easement that plaintiff allegedly blocked.

[45]   Through defendant Pascale's order to arrest, the accusatory instrument, did denote the area in question as a " a narrow dirt thruway ".

[46]   Defendant Pascale, before arrest, was aware that a " narrow dirt thruway " on private property does not entitle the public to trespass on private property.

[47]   As a result of defendant Pascale's order to arrest plaintiff, plaintiff was then imprisoned for a period of about four days until bail was paid.

## FOURTH CAUSE OF ACTION
### State False Arrest

[48]   As and for a fourth cause of action plaintiff reiterates each and every paragraph from 1 to 47 in full and completely and sues defendant Pascale and defendant Pollina, each, for false arrest in violation of plaintiff's state right to remain free unless upon probable cause in the amount of $20,000.00

## FIFTH CAUSE OF ACTION
### Punitive Damages for State False Arrest

[49]   As and for a fifth cause of action plaintiff reiterates each and every

paragraph from 1 to 48 in full and completely and sues defendant Pascale

and defendant Pollina, each, in that Pascale clearly escalated to the fourth

level of intrusion without [1] an emergency for which a warrant would have

or could have been signed and [2] the necessity of a public street, easement

or warrant thereby injuring plaintiff's state right to remain free from seizure

unless upon probable cause in the amount of $50,000.

## SIXTH CAUSE OF ACTION
### Federal False Arrest

[50]   As and for a sixth cause of action plaintiff reiterates each and every

paragraph from 1 to 49 in full and completely and sues defendant Pascale

and defendant Pollina for false imprisonment in violation of plaintiff's federal

right to remain free unless upon probable cause in the amount of $20,000.00

## SEVENTH CAUSE OF ACTION
### Punitive Damages for Federal False Arrest

[51]   As and for a seventh cause of action plaintiff reiterates each and every

paragraph from 1 to 50 in full and completely and sues defendant Pascale

and defendant Pollina for false arrest in violation of plaintiff's state right to remain free unless upon probable cause in the amount of $50,000.00

## EIGHTH CAUSE OF ACTION
### State False Imprisonment

[52]   As and for an eighth cause of action plaintiff reiterates each and every paragraph from 1 to 51 in full and completely and sues defendant Pascale for false imprisonment in violation of plaintiff's state right to remain un-imprisonment and defendant Pollina unless upon probable cause in the amount of $20,000.00

## NINTH CAUSE OF ACTION
### Punitive Damages for State Imprisonment Arrest

[53]   As and for a ninth cause of action plaintiff reiterates each and every paragraph from 1 to 52 in full and completely and sues defendant Pascale and defendant Pollina for false arrest in violation of plaintiff's state right to remain free unless upon probable cause in the amount of $50,000.00

## TENTH CAUSE OF ACTION
### Federal False Imprisonment

[54]   As and for a tenth cause of action plaintiff reiterates each and every paragraph from 1 to 53 in full and completely and sues defendant Pascale

and defendant Pollina, each, for false arrest in violation of plaintiff's federal right to remain free unless upon probable cause in the amount of $ 20,000.00

## ELEVENTH CAUSE OF ACTION
### Punitive Damages for Federal Imprisonment Arrest

[55]   As and for an eleventh cause of action plaintiff reiterates each and every paragraph from 1 to 54 in full and completely and sues defendant Pascale and defendant Pollina, each, for false arrest in violation of plaintiff's state right to remain free unless upon probable cause in the amount of $50,000.00

## TWELFTH CAUSE OF ACTION
### State Malicious Prosecution

[56]   As and for a twelfth cause of action plaintiff reiterates each and every paragraph from 1 to 55 in full and completely and sues defendant Pascale and defendant Pollina, each, for malicious prosecution in that defendant Pascale ordered an arrest with the Environmental Control Board issuing a final top agency decision that there is no street or easement that crosses lot 162, without the element of a mapped public street or public place for unlawful imprisonment, with no trespass on public property as an element of

this case's charge of Governmental Administration, and without the material element of a public street or easement in blocking vehicular traffic in violation of plaintiff's state right to remain free from prosecution unless upon probable cause in the amount of $50,000.00

### THIRTEENTH CAUSE OF ACTION
Punitive State Malicious Prosecution

[57]   As and for a thirteenth cause of action plaintiff reiterates each and every paragraph from 1 to 56 in full and completely and sues defendant Pascale and defendant Pollina for initiating a malicious prosecution in that defendant Pascale ordered an arrest, with the Environmental Control Board issuing a final top agency decision that there is no street or easement that crosses lot 162, with a Supreme Court, State of New York ruling that § 189 is inapplicable within the City of New York, with the *Matter of County of Cortland* appellate division case that holds that provisions contrary to EDPL must yield to the EDPL, with City Charter provision L. 1962, ch 998, § 202 that proscribes the City from deeming property public without the element of a mapped public street or public place, with no trespassing of public property as an element of this charge of Governmental Administration and without the material element of a public street or easement in violation of plaintiff's state

right to remain free from prosecution unless upon probable cause in the

amount of $100,000.00

## FOURTEENTH CAUSE OF ACTION
State Selective Prosecution

[57]   As and for a fourteenth cause of action plaintiff reiterates each and

every paragraph from 1 to 56 in full and completely and sues defendant

Pascale, with knowledge of the lengthy documentable City-police-contact

history of the disputed area in question, prosecuted plaintiff for a reason other

than to bring an offender to justice because no unmapped areas are deemed

public in the City of New York and the track record of police, fire and law

department contact insures that plaintiff's prosecution was selective in the

amount of $250,000.00

## FIFTEENTH CAUSE OF ACTION
Punitive State Selective Prosecution

[58]   As and for a fifteenth cause of action plaintiff reiterates each and every

paragraph from 1 to 57 in full and completely and sues defendant Pascale for

initiating a selective prosecution in that defendant Pascale ordered an arrest,

with the Environmental Control Board issuing a final top agency decision that

there is no street or easement that crosses lot 162, with a Supreme Court,

State of New York ruling that § 189 is inapplicable within the City of New

York, with the *Matter of County of Cortland* appellate division case that holds

that condemnation provisions contrary to EDPL must yield to the EDPL, with

City Charter provision L. 1962, ch 998, § 202 that proscribes the City from

deeming property public without the element of a mapped public street or

public place, with no trespassing of public property as an element of the

charge of Governmental Administration and without the material element of a

public street or easement in violation of plaintiff's state right to remain free

from selective prosecution in the amount of $500,000.00

## SIXTEENTH CAUSE OF ACTION
Federal Selective Prosecution

[59]   As and for a sixteenth cause of action plaintiff reiterates each and every

paragraph from 1 to 58 in full and completely and sues defendant Pascale,

with knowledge of the lengthy documentable City-police-contact history of

the disputed area in question, prosecuted plaintiff for a reason other than to

bring an offender to justice because no unmapped areas are deemed public

in the City of New York and the track record of police, fire and law

department contact insures that plaintiff's prosecution was selective in the

amount of $250,000.00

## SEVENTEENTH CAUSE OF ACTION
Punitive Federal Selective Prosecution

[60]   As and for a seventeenth cause of action plaintiff reiterates each and

every paragraph from 1 to 59 in full and completely and sues defendant

Pascale for initiating a selective prosecution in that defendant Pascale ordered

an arrest, with the Environmental Control Board issuing a final top agency

decision that there is no street or easement that crosses lot 162, with a

Supreme Court, State of New York ruling that § 189 is inapplicable within the

City of New York, with the *Matter of County of Cortland* appellate division

case that holds that condemnation provisions contrary to EDPL must yield to

the EDPL, with City Charter provision L. 1962, ch 998, § 202 that proscribes

the City from deeming property public without the element of a mapped

public street or public place, with no trespassing of public property as an

element of the charge of Governmental Administration and without the

material element of a public street or easement in violation of plaintiff's state

right to remain free from selective prosecution in the amount of $500,000.00


### TIMELINE RESUMED

[61]   On or about 2013 Aug 14 plaintiff appeared before defendant Golia

and orally informed defendant Golia that, pursuant to CPL 170.25, that

plaintiff wanted defendant Golia to set a date by which plaintiff was to file a motion to Superior Court to be prosecuted by indictment on Pascale's arrest.

[62]  Defendant Golia stated: " I am competent to preside over this case. ".

[63]  Defendant Golia stated: The motion is denied.

[64]  Plaintiff then informed defendant Golia that she was only competent to set a date and nothing else.

[65]  Defendant Golia again refused to set a date within which to file the motion to Superior Court.

[66]  Plaintiff told defendant Golia to read CPL 170.25 which dictated that defendant Golia was only competent to set a date within which to file the motion to Superior Court.

[67]  Defendant Golia then set a date for plaintiff to return to local Criminal Court on 2013 Oct 17 for the case to proceed to trial normally as if she had the competence to do so.

[68]  Although motions are routinely accepted in local Criminal Court, defendant Golia refused to formally accept plaintiff's motion for a CPL 170.25 proposing a 170.25 schedule in setting a date within which plaintiff was to file a 170.25 motion to Superior Court for prosecution by indictment.

[69]   On 2013 Aug 14 plaintiff filed plaintiff's CPL 170.25 motion proposing a 170.25 schedule in setting a date within which plaintiff was to file a 170.25 motion to Superior Court for prosecution by indictment.

[70]   Plaintiff's motion detailed the complete lack of competence of a local Criminal Court to do anything other than set a date within which plaintiff was to file a 170.25 motion to Superior Court for prosecution by indictment.

[71]   On 2013 Sep 09, in the United States District Court for the Eastern District of New York, Index No. 13 cv 5143, plaintiff filed a Notice of Removal pursuant to 28 U.S.C. § 1446[a].

[72]   Plaintiff served defendant Golia with the removal notice on 2013 Sep 11.

[73]   Pursuant to CPL 170.25, defendant Golia was completely and absolutely incompetent to set a date for plaintiff to return to local Criminal Court on 2013 Oct 17 to proceed to trial normally as if she had the competence to do so.

[74]   Plaintiff's CPL 170.25 motion detailed the " private property " aspect of Pascale's arrest and that private property aspect in relation to the Eminent Domain Procedure law's prohibition against any State Court's competence to

law enforcement personnel in the investigation, arrest and prosecution of the defendant...".

[80]   Defendant Golia then dismissed all counts pursuant to CPL 210.40[e] which reads: " An indictment or any count thereof may be dismissed ....when [there is] any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant..."

[81]   The exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the [presumed innocent] ". was that the " narrow dirt thruway " was private property and the City did not comply with EDPL §§ 208, 705 in acquiring the " narrow dirt thruway ".

[82]   In reaching defendant Golia's conclusion that serious law enforcement misconduct had occurred, defendant Golia relied on the Appellate Division that opined that:

" " While provisions in other statutes [i.e. Hwy Law § 189] germane to condemnation that are not inconsistent with the EDPL may remain relevant (see generally Matter of Hargett v Town of Ticonderoga, 35 AD3d at 1124), provisions that are inconsistent with the EDPL must give way to that statute. " [quoting Matter of County of Cortland 72 Ad3d 1436, 1438 [3rd Dept. 2010]

## TWENTIFIRST CAUSE OF ACTION
Punitive Damages for Absolute Lack of Federal Competence to Exercise Authority

[91]   As and for a twentifirst cause of action plaintiff reiterates each and

every paragraph from 1 to 90 in full and completely and sues defendant

Golia for requiring plaintiff to appear before the local Criminal Court without

any semblance of competence, pursuant to 28 U.S.C. § 1446[a], to have

done so and having been fully informed by personal service to the Criminal

Court Clerk where to find it in writing, in the amount of $200,000.

Dated: 2015 Jan 19

Posr A. Posr
703 N. Orange St., Apt. 204
Wilmington, De
19801
347 753 5898
posrposr@gmail.com

Affirmed to before me on this 19th day in January, Martin Luther King Day, in the year 2015

NOTARY PUBLIC

SONA RAMNARINE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01RA6133646
Qualified in Queens County
My Commission Expires February 05, 2018