UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

C/M

------------------------------------------------------------ X

POSR A. POSR,

      Plaintiff,

    - against -

THE CITY OF NEW YORK; JUDGE DONNA
M. GOLIA; POLICE INSPECTOR Pascale;
ANTHONY POLLINA, Con Ed Revenue
Specialist,

      Defendants.

------------------------------------------------------------ X

**DECISION AND ORDER**

15 Civ. 0584 (BMC)(LB)

**COGAN**, District Judge.

Plaintiff *pro se* brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights, seeking injunctive relief and damages. Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons set forth below, plaintiff's claims against the City of New York, Judge Donna M. Golia, and Anthony Pollina are dismissed *sua sponte*. His claims against defendant Police Inspector Pascale may proceed.

## BACKGROUND

This case arises out of an incident on August 8, 2013, in which plaintiff was arrested on various charges under New York Penal Law.[1] However, the origins of this dispute appear to go much deeper and involve real property owned by one Kris Gounden in Howard Beach, Queens County. Apparently, according to the complaint, Gounden and various New York City agencies and officials dispute the existence of an easement across Gounden's property and the application of several provisions of New York Highway Law, Canal Law, and Eminent Domain Procedure

---

[1] The complaint also references an arrest on August 8, 2014, which appears to be a typographical error.

Law. Plaintiff alleges that he, as Gounden's agent, "was given the perpetual authority to guard Gounden's property against trespass since long before 2013 Aug 08."

Plaintiff's allegations are as follows: On August 8, 2013, plaintiff was arrested on the order of Police Inspector Pascale, of the NYPD's 106th Precinct. A Con Edison employee, Anthony Pollina, had "claimed that he was prevented from proceeding to an electrical emergency by plaintiff preventing defendant Pollina from trespassing [on] Gounden's land." Posr was charged with Unlawful Imprisonment, Obstructing Governmental Administration, and Disorderly Conduct. After his arrest, plaintiff was held "for a period of about four days" until he made bail. He appeared before Judge Donna M. Golia of the Queens Criminal Court on or about August 14, 2013 and "orally informed defendant Golia that, pursuant to CLP 170.25, that plaintiff wanted defendant Golia to set a date by which plaintiff was to file a motion to Superior Court to be prosecuted by indictment on Pascale's arrest." Judge Golia refused to accept the motion and "became incompetent to dismiss the case against plaintiff."

Plaintiff subsequently attempted to remove that criminal proceeding to federal court, by filing a habeas corpus petition in this court that raised essentially the same issues that are advanced in the instant complaint. See Posr v. People of the State of New York, No. 13-cv-5143, 2014 WL 3734513 (E.D.N.Y. July 25, 2014) (Irizarry, D.J.) (dismissing complaint for lack of subject-matter jurisdiction). Judge Golia dismissed the state criminal proceeding on October 17, 2013, on the People's motion "on the grounds of an interest in justice," but plaintiff alleges that he "did not agree to a dismissal in the interest of justice dismissal."

The instant complaint seeks an injunction prohibiting the City of New York from arresting plaintiff in connection with the disputed property and declaratory relief regarding the jurisdiction and competency of New York State courts. Plaintiff also seeks damages for

2

violations of his federal and state constitutional rights against defendants Pascale and Pollina. He seeks damages against Judge Golia for her "lack of . . . competence to exercise authority."

## DISCUSSION

### A. Standard of Review

I am mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," a court must grant leave to amend. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

However, even a *pro se* complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009). Moreover, pursuant to the *in forma pauperis* statute, the court must dismiss a complaint *sua sponte* (in other words, on its own initiative) if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### B. Judicial Immunity

Judges have absolute immunity from suits for damages arising out of acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 112 S. Ct. 286 (1991). Judicial immunity "is not overcome by allegations of bad faith or malice," nor can a judge be deprived of immunity "because the action [s]he took was in error or was in excess of h[er] authority." Id. at 11, 13 (quotations and citations omitted). Judicial immunity may be overcome only if the court is alleged to have taken nonjudicial actions or judicial actions taken "in the complete absence of all jurisdiction." Id. at 11-12. Here, plaintiff challenges Judge Golia's "competency" to preside

3

over his criminal proceedings and contests the basis for the dismissal of the charges against him. Judge Golia was and is a judge of the Criminal Court of the City of New York, Queens County.[2] Putting aside his conclusory statements challenging her "competency," plaintiff has not stated any facts that, if true, would suggest that Judge Golia took nonjudicial actions or acted in the absence of jurisdiction while presiding over his criminal case. Accordingly, she is entitled to absolute immunity, and plaintiff's claims against defendant Golia are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

C. **Section 1983**

Civil Rights claims pursuant to 42 U.S.C. § 1983 require that a plaintiff demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977 (1999) (quotations omitted). Although § 1983 can reach private individuals in certain limited circumstances, such as where the private individual is engaged in a "public function," Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352, 95 S. Ct. 449 (1974), or performs conduct that is "fairly attributable to the state," American Mfrs. Mut. Ins. Co., 526 U.S. at 51, these exceptions are narrow. "The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State." Jackson, 419 U.S. at 350. Moreover, "[m]erely providing information to law enforcement, even if that information is false or mistaken, does not render the supplier of information a state actor." Stewart v. Victoria's Secret

---

[2] See Judges of the Trial Courts, New York State Unified Court System, available at https://iapps.courts.state.ny.us/ judicialdirectory (last visited 4/3/15).

4

Stores, LLC, 851 F. Supp. 2d 442, 446 (E.D.N.Y. 2012); see also Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 272 (2d Cir. 1999) (request for official assistance or protection does not render private party a state actor).

In this case, the only factual allegation against defendant Pollina is that Pollina claimed that plaintiff prevented him from crossing Gounden's land. Pollina is identified as an employee of Con Edison, a private utility company. Con Edison and its employees are not alleged to be acting under color of state law. To the extent that Pollina may have provided information to law enforcement officers, his role as a complaining witness would not convert his statement into state action that would fall within the purview of Section 1983. Accordingly, all of plaintiff's claims against defendant Pollina are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

A municipality, such as the City of New York, can be liable under 42 U.S.C. § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018 (1978). Proof of a single incident of unconstitutional activity is not sufficient without proof that the incident was caused by an existing, unconstitutional municipal policy. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823, 105 S. Ct. 2427 (1985). Plaintiff has not alleged an unconstitutional policy or custom that would confer liability on the City of New York. Accordingly, the City of New York is also dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the foregoing reasons, plaintiff's claims against defendants Golia, Pollina, and the City of New York are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). No summonses shall

issue against these defendants. The Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

Plaintiff's claims may proceed against defendant Pascale. The Clerk of Court is directed to issue a summons to Pascale, and the United States Marshals Service is directed to serve the Complaint, this Order, and the summons on the remaining defendant. The Clerk of Court shall also mail a copy of this Order and the Complaint to the New York City Law Department's Federal Litigation Unit and to plaintiff. The Court refers this matter to Magistrate Judge Lois Bloom for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See* Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

**Brian M. Cogan**
U.S.D.J.

Dated: Brooklyn, New York
April 4, 2015